United States District Court
Southern District of Texas
**ENTERED**
July 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DARRYL ROBINSON, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-cv-3336** |
| | § | |
| **PILOT TRAVEL CENTERS LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND RECOMMENDATION

On April 30, 2026, the Court entered a Memorandum and Recommendation, finding that Plaintiff had failed to demonstrate that he is entitled to proceed without prepaying fees or costs and recommending that his Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 3) be denied without prejudice. (ECF No. 8). The Court further recommended that, should the Memorandum and Recommendation be adopted by the District Judge, "Plaintiff must pay the full filing fee of $405.00 or submit a clarifying motion to proceed IFP showing that he is entitled to proceed without payment of fees within 21 days of the Order adopting the Memorandum and Recommendation." (*Id.* at 4). The Court warned that failure to comply could result in this Court recommending the case be dismissed without prejudice under Federal Rule of

Civil Procedure 41(b). (*Id.*). Plaintiff did not file objections to the Memorandum and Recommendation.

On July 2, 2026, the District Judge adopted the Memorandum and Recommendation and denied Plaintiff's IFP motion without prejudice. (ECF No. 19). Accordingly, Plaintiff's deadline to pay the full filing fee or submit a renewed IFP motion was July 23, 2026. Plaintiff did neither by that deadline.

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). Plaintiff has failed to comply with the Court's Order. By failing to comply, Plaintiff has prevented this action from proceeding. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice. *See Coe v. United States*, No. 3:23-cv-1627, 2023 WL 9231455, at *2 (N.D. Tex. Dec. 21, 2023), *report and recommendation adopted*, No. 3:23-cv-1627, 2024 WL 150441 (N.D. Tex. Jan. 12, 2024) ("Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.").

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's case be **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on July 27, 2026.

Richard W. Bennett
United States Magistrate Judge